# IN THE UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

---

No. 98-60084
(Summary Calendar)

---

NORTHFIELD INSURANCE COMPANY,

Plaintiff-Appellee,

versus

JOHN DALE ADAMS, doing business as
Rockets Secrets Cabaret; ET AL

Defendants

CHADRICK J. BROWN

Defendant-Appellant

---

Appeal from the United States District Court
For the Southern District of Mississippi
(97-CV-127)

---

September 8, 1998

Before JOLLY, SMITH and WIENER, Circuit Judges.

Per Curiam[*]

In this declaratory judgment action, Defendant-Appellant Chadrick J. Brown appeals the

rulings of the district court denying his motion to dismiss and granting summary judgment in favor

of Plaintiff-Appellee Northfield Insurance Company ("Northfield"). Concluding that the district court

did not abuse its discretion in retaining jurisdiction over Northfield's action and did not err in holding

that, as a matter of law, Brown's claims are excluded from coverage under Northfield's policy, we

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th cir. R. 47.5.4.

affirm.

# I

## FACTS AND PROCEEDINGS

This action arises out of an altercation that allegedly occurred on the premises of Rockets Secrets Cabaret (the "Cabaret") in Jackson, Mississippi. Chadrick Brown and Roderick Johnson filed separate suits in Mississippi state court against their alleged assailant, Cabaret employee Gary Havens, and Cabaret owner John Dale Adams, seeking damages for injuries sustained in the fracas. According to allegations made by Brown and Johnson in their complaints, Havens "intentionally, willfully, unlawfully, wantonly, recklessly, grossly negligently, and/or negligently and with excessive force, attacked [plaintiffs] causing serious bodily harm to [plaintiffs]," and "intentionally, willfully, unlawfully, wantonly, recklessly, forcibly, grossly negligently, and/or negligently and unreasonably threatened [plaintiffs] with severe bodily harm." Brown and Johnson further charged that Adams was vicariously liable for the acts of his employee and that Adams was himself guilty of "intentional, willful, unlawful, wanton, reckless, grossly negligent, and/or negligent acts and/or omissions."

At the time that Brown and Johnson sustained their injuries, the Cabaret carried a commercial liability policy issued by Northfield Insurance Company, putatively insuring Adams as owner and Havens as an employee. Upon receiving notice of the state court actions, Adams and Havens made demand on Northfield for defense and indemnity in connection with those lawsuits. Northfield agreed to provide a defense subject to its reservation of rights on the issue of coverage.

During the pendency of the state court actions, Northfield filed the instant suit in federal district court seeking a declaration that, by virtue of the language in its policy, Brown's and Johnson's

2

claims are not within the scope of coverage and that, consequently, Northfield is not obligated to provide a legal defense for Havens and Adams or indemnify them against these claims. Northfield named as defendants its two insureds, Havens and Adams, as well as state court tort claimants Brown and Johnson. All district court defendants are citizens of Mississippi, Northfield is a citizen of Minnesota, and the amount in controversy exceeds $75,000.00 exclusive of interest and costs. Thus, subject matter jurisdiction in the district court rests on diversity of citizenship.

In response to Northfield's complaint, Brown and Johnson filed motions to dismiss, arguing that because each has a case pending in state court involving the same facts as Northfield's action, the district court should exercise its discretion to abstain from hearing the declaratory judgment suit. The district court denied the motions.

Thereafter, Northfield filed a motion for summary judgment, maintaining that the various claims asserted in Brown's and Johnson's state court suits against Havens and Adams are excluded from coverage by its policy. Northfield submitted summary judgment evidence that its policy contained an exclusion for property damage and bodily injury arising out of assault and battery. The exclusion reads as follows:

> This insurance does not apply to "bodily injury," "property damage," "personal injury," "advertising injury," or medical expense arising out of assault and battery or out of any act or omission in connection with the prevention or suppression of such acts, whether caused by or at the instigation of the insured, his employees, patrons or any other person.

The only defendant to respond to Northfield's summary judgment motion was Brown. After considering the motion, together with Brown's response, the district court granted summary judgment in favor of Northfield. Brown timely filed a notice of appeal.

3

# II

## ANALYSIS

A.     Standard of Review

We review a district court's exercise of discretion in a Declaratory Judgment Act case under the abuse of discretion standard.[1]  We review a grant of summary judgment de novo, applying the same standard as the District Court.[2]

B.     Applicable Law

1.     Discretionary Jurisdiction

The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration."[3]  Although this statute vests the federal courts with power and competence to issue a declaration of rights, a district court has discretion whether to exercise this power in any particular case or to abstain.[4]  The district court's discretion in this matter is broad, but not unfettered.[5]  Unless the district court "addresses and balances the purposes of the Declaratory Judgment Act and the factors relevant to the abstention doctrine on the record, it abuses its discretion."[6]

---

[1]     See Wilton v. Seven Falls Co., 515 U.S. 277,  289 (1995).

[2]     See Knight v. United States Fidelity & Guar. Ins. Co., 65 F.3d 34, 36 (5th Cir. 1995), cert. denied, 517 U.S. 1134 (1996).

[3]     28 U.S.C.A. § 2201(a).

[4]     See Wilton, 515 U.S. at 286.

[5]     See Travelers Ins. Co. v. Louisiana Farm Bureau Fed'n, 996 F.2d 774 (5th Cir. 1993).

[6]     Id.

4

Two principal criteria that, if found to be present, weigh in favor of a district court's decision to entertain a declaratory judgment action are that the judgment will (1) serve a useful purpose in clarifying and settling the legal relations in issue, and (2) terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.[7] In addition to these criteria, a district court's discretion must be guided by factors relevant to abstention, including (1) whether there is a pending state action in which all of the matters in controversy may be fully litigated, (2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant, (3) whether the plaintiff engaged in forum shopping in bringing the suit, (4) whether there exist possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums, (5) whether the federal court is a convenient forum for the parties and witnesses, (6) whether retaining the lawsuit in federal court would serve the purposes of judicial economy, and (7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.[8]

In the instant case, the district court denied Brown's motion to dismiss and retained jurisdiction on the grounds that (1) Northfield had not been named as a party in the pending state court actions, and (2) the issue of coverage was not being litigated there. Consequently, the court concluded, the state court actions would not provide satisfactory means for the resolution of Northfield's claim.

Citing a plethora of cases in which federal district courts elected to dismiss declaratory actions despite the fact that the issues or the parties were not the same as those in pending state suits, Brown

---

[7]    See Allstate Ins. Co. v Mercier, 913 F.2d 273, 277 (6th Cir. 1990).

[8]    See St. Paul Ins. Co. v. Trejo, 39 F.3d 585, 590-91 (5th Cir. 1994).

5

contends that the district court should have abstained from exercising its jurisdiction in this case. Brown argues that the district court abused its discretion in failing to dismiss this suit given that Northfield could have intervened in the state court action and sought declaratory relief there. In addition, as the liability of Havens and Adams has yet to be determined, argues Brown, judicial comity and economy militate in favor of resolving that issue before adjudicating the question of coverage.

There is no per se rule against a federal court's entertaining a declaratory judgment action to determine an insurer's liability when a tort action is pending against its insured in a state court.[9] Although the cases cited by Brown are instructive as to the merits of dismissal in a variety of factual situations, they are not dispositive of the outcome in this particular case. Northfield is not a party to the pending state actions and the issue of insurance coverage has not been raised in that court. As Brown points out, his state action will be going to trial in a matter of months. Consequently, for Northfield to intervene at this time would surely delay those proceedings. There is no evidence to suggest that Northfield filed its suit as a preemptive strike to obtain res judicata advantage or to shop for a more favorable forum. Neither is there any indication that Northfield's suit is an attempt to thwart some advantage Brown gained by filing first in state court Resolution of the declaratory judgment action in federal court provides an efficient method of determining Northfield's policy obligations. Given these considerations, we cannot say that the district court abused its discretion in choosing to retain jurisdiction over Northfield's declaratory judgment action.

2. Summary Judgment

Summary judgment is appropriate when, after viewing the evidence in the light most favorable

---

[9] See Mercier, 913 F.2d at 277.

6

to the nonmoving party, the record reflects that no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law.[10] Once the movant carries his burden, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial."[11]

Brown contends that the district court erred in granting summary judgment in favor of Northfield because two material facts are genuinely in dispute. First, Brown submits that the policy issued by Northfield to Adams does not contain an assault and battery exclusion. Brown argues that the district court made an impermissible credibility determination when it relied on a notarized Certification of Insurance presented by Northfield's vice-president as evidence that the attached policy, which included the exclusion, was the same policy that had been issued to Adams. This argument is wholly without merit. In response to Northfield's motion, none of the defendants came forward with evidence to substantiate the assertion that the exclusion was not present in the policy issued to Adams. Brown clearly failed to sustain his burden under the summary judgment rubric, and the district court was correct in proceeding under the assumption that the policy contained the exclusion.

Second, Brown contends that even if the exclusion were included in the policy, his injuries are nevertheless covered. In support of this argument, Brown notes that his complaint alleges that Havens's actions were either intentional or negligent. As he has not alleged unequivocally that Havens's conduct was intentional, argues Brown, there is a genuine and material factual dispute as to whether his injuries were the result of an assault and battery or merely negligence. Brown further

---

[10]    See Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986); Fed. R. Civ. P. 56(c).

[11]    Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994).

7

submits that, because he did not "voluntarily enter into the affray," his injuries were accidental and therefore outside the scope of Northfield's exclusion. These arguments are specious and must therefore fail.

Even though in his state court pleading Brown characterized Havens's actions as "intentional, willful, unlawful, wanton, reckless, grossly negligent, and/or negligent," Brown has failed to present any evidence to support his alternative assertion that his claims involve negligence or unintentional acts by Havens. In his sworn statement to the police, Brown averred that Havens committed the offense of simple assault "by hitting him in the mouth with a blount [sic] object" thereby fracturing his jaw and breaking his teeth. Given Brown's pleading and affidavit, there is no question that his claim against Havens is based on an intentional act. Furthermore, as the exclusion encompasses not only assault and battery but also "any act or omission in connection with the prevention and suppression" of assault and battery, Brown's claim against Adams —— relating, among other things, to his alleged negligent hiring, retention and training of Havens —— is also excluded from coverage.

Northfield's policy provides coverage for "sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage'." The coverages section of the policy states in pertinent part that the insurance "applies to 'bodily injury' and 'property damage' only if: (1) The 'bodily injury' or 'property damage' is caused by an 'occurrence' that takes place in the 'coverage territory;' . . . ." The term "occurrence" is defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." Brown argues that, because he was injured through "external force, not of his choice or provocation," his injuries were the result of an accident and are therefore covered. Northfield's policy specifically excludes bodily injury arising out of specified occurrences (or accidents), one of which is "assault and battery."

8

Therefore, regardless of whether Brown provoked this particular attack, his claims against Havens and Adams for his resulting injuries are excluded from coverage under the policy.

## III

## CONCLUSION

The district court did not abuse its discretion in denying Brown's motion to dismiss, given that court's reasonable explanation for retaining jurisdiction over Northfield's claim under the Declaratory Judgment Act. As for summary judgment, the court correctly concluded that, by virtue of the express exclusion in Northfield's policy, Brown's injuries were not within the scope of coverage. Accordingly, the rulings of the district court are, in all respects,

AFFIRMED.